179 So. 549

**SCOTT v. STATE.**

**8 Div. 570.**

Court of Appeals of Alabama.

Dec. 14, 1937.

Rehearing Denied Jan. 11, 1938.

Carl A. Elliott, of Jasper, for appellant.

A. A. Carmichael, Atty. Gen., and Effie Crittenden, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant, here, is the brother of Harvey Scott, who was the appellant in the case of Scott v. State, 25 Ala.App. 60, 141 So. 260.

In the opinion in the Scott case cited, which, by the way, was promulgated on February 16, 1932, we have described, sufficiently we hope, the fight in which the killing here in question occurred.

Although appellant was indicted on November 16, 1930, he managed, by, as

his counsel puts it, "dodging the law," to evade arrest until September 17, 1936.

While Harvey Scott was convicted on account of the killing of Johnnie Kellar, this appellant was convicted for the killing of John Engle—both Kellar and Engle being killed in the same fight—said fight being participated in by Engle, the Scotts (two or three of them), and more than one Kellar—all, as pointed out in the opinion we have cited, were at a "Holy Roller" meeting in the yard of John Engle, the deceased.

So far as we can see, the opinion, above, in the Harvey Scott Case can be adopted, with the substitution of appellant's for Harvey Scott's name, and with the substitution of John Engle's for Johnnie Kellar's name. We do so adopt it.

There appears no need to reiterate what we there said.

Here, there was clear, direct, positive testimony that appellant was guilty as charged, not because of his participation in any conspiracy, though there was testimony from which the jury might have inferred that, but because of his "clubbing John Engle to death," Engle being at the time unarmed.

We observe, nowhere, a ruling prejudicially erroneous to appellant—not meaning by that to assert that there was no instance of a technically erroneous ruling—and the judgment is affirmed.

Affirmed.